IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PNC Bank, National Association,<br><br>*Plaintiff*,<br><br>vs.<br><br>Kurt J. Crosby,<br><br>*Defendant*. | Case No. 23-CV-02831-WB |

**JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on September 18, 2023, and submit to Chambers the following report of their meeting for the Court's consideration:

1. **Discussion of Claims, Defenses, and Relevant Issues**

   A. **Plaintiff PNC Bank, National Association**

   Plaintiff, PNC Bank, National Association ("Plaintiff"), brings this lawsuit against Defendant Kurt J. Crosby ("Defendant"), in his capacity as guarantor of the Credit Agreement[1] between Plaintiff, and Borrowers.

   Pursuant to the Credit Agreements, Plaintiff and the lenders extended credit to Borrowers in the aggregate original principal amount of $47,400,000. As of the commencement of this case, Borrowers owe in excess of $27,712,667.30 in principal to Plaintiff, plus accrued and accruing interest, costs, fees, and expenses.

---

[1] Capitalized terms used herein but undefined shall have the meaning ascribed to them in the Complaint.

Defendant executed the Guaranty in his individual capacity as the sole guarantor of the obligations under the Credit Agreements. Defendant executed the Credit Agreements and as an officer of the Borrowers. On July 1, 2023, the loans outstanding under the Credit Agreements matured and all obligations owed by Borrowers to Plaintiff and the other lenders thereunder became due and owing. Plaintiff asserts Borrowers have failed to pay the obligations due to Plaintiff.  Further, Defendant, as guarantor for Borrowers, is jointly and severally liable to Plaintiff and the lenders for the full amount due to Plaintiff from Borrowers. Plaintiff made demand for payment by Defendant under the Guaranty and Defendant has failed to pay such amounts. Therefore, Defendant is in breach of his obligations under the Guaranty.

At the close of discovery, Plaintiff intends to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

### B.  Defendant Kurt J. Crosby

This action concerns loans made by Plaintiff and at least one other lender, People's Capital and Leasing Corp., to entities related to Defendant Kurt J. Crosby. The underlying loans concerned and are secured by a fleet of offshore supply boats, offshore tugboats, and other vessels.

The borrowers made substantial payments on the loans on a regular, timely basis – they paid in the area of $20 million over time.  However, in December 2021, Plaintiff commissioned a survey of the collateral fleet that precipitated the matters alleged in this action.  At that time, against the stated will of Defendant, Plaintiff caused an entity named North American Marine Consultants, LLC to generate a survey of the fleet and assign values to the collateral.  The values, which Defendant believes were without factual basis, were well below the market values of the fleet. This undervaluing of the collateral led to adjustments to the payments required of the borrowers

by the lenders, and this in turn cascaded into the default for which Plaintiff now seeks to collect from Mr. Crosby.

Mr. Crosby also believes that this situation has been further exacerbated by Plaintiff because at the same time that he and the borrowers have been seeking refinancing in order to satisfy Plaintiff's demands, Plaintiff may have directly or indirectly caused potential new lenders to believe that the borrowers are in financial distress.

Defendant expects to seek discovery concerning the issues set forth above, as well as Plaintiff's damages claim, which appears to include not just the amount due to Plaintiff but also amounts due to other lenders for whom Plaintiff may or may not have legal standing to assert claims.

Defendant does not at present anticipate filing any motions, but discovery may reveal a basis to join North American Marine Consultants, LLC and/or People's Capital and Leasing Corp. as parties to this litigation.

2. **Initial and Informal Disclosures**

Plaintiff served its Initial Disclosures on September 19, 2023. Defendant will serve his Initial Disclosures on or before Monday, September 25, 2023.

3. **Formal Discovery**

The Parties propose that all fact discovery shall be completed by December 18, 2023, and all written discovery requests shall be propounded at least thirty (30) days prior thereto so as to permit the opposing party sufficient time to respond.

Defendant intends at a minimum to seek discovery from Plaintiff as well as from North American Marine Consultants, LLC and People's Capital and Leasing Corp. Defendant will serve Plaintiff with limited paper discovery and will seek depositions of at least two individuals who are

or were employed by Plaintiff and who were Plaintiff's key liaisons with Defendant (Steve Chambers and Justin Jinright). Defendant may require additional depositions of Plaintiff, including a deposition of a corporate designee. Defendant also will require at least one deposition of North American Marine Consultants, LLC and one deposition of People's Capital and Leasing Corp.

4. **Electronic Discovery**

The Parties are in agreement on electronic discovery. The Court's standard order is not necessary.

5. **Expert Witness Disclosures**

Plaintiff shall have thirty (30) days from the completion of fact discovery to serve any expert disclosures and reports. Defendant shall then have thirty (30) days to serve any expert disclosures and reports. The Parties may elect to provide rebuttal expert reports within thirty (30) days from receipt of an expert report. All expert discovery shall be completed on or before March 17, 2024.

6. **Early Settlement or Resolution**

The Parties are in communication regarding settlement possibilities and are working amicably towards a resolution of this dispute. Therefore, the Parties submit that mediation or ADR is not necessary in this case.

7. **Trial Date**

All dispositive motions shall be filed and served no later than sixty (60) days after the completion of expert discovery. The Parties shall confer in good faith on a briefing schedule with respect to any dispositive motions filed with the Court.

8. **Other**

   None.

Date: September 19, 2023

                **Respectfully Submitted:**

By: /s/ John E. Lucian
   John E. Lucian (PA No. 92317)
   Gregory F. Vizza (PA No. 207095)
   B. Nelson Sproat (PA No. 327226)
   **BLANK ROME LLP**
   One Logan Square
   130 North 18th Street
   Philadelphia, PA 19103
   Telephone: (215) 569-5381
   John.lucian@blankrome.com
   Gregory.vizza@blankrome.com
   Nelson.sproat@blankrome.com

*Counsel for Plaintiff, PNC Bank, National Association*

By: /s/ Samuel W. Silver
   Samuel W. Silver (PA No. 56596)
   Richard D. Walk, III (PA No. 329420)
   **WELSH & RECKER, P.C.**
   306 Walnut St.
   Philadelphia, PA 19106
   (215) 972-6430
   ssilver@welshrecker.com
   rwalk@welshrecker.com

   R. Joshua Koch*
   Benjamin Sanders*
   **KOCH & SCHMIDT**
   650 Poydras St., Ste. 2660
   New Orleans, LA 70130
   jkoch@kochschmidt.com
   bsanders@kochschmidt.com
   **pro hac vice motion pending*

*Counsel for defendant Kurt J. Crosby*