IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION<br><br>         Plaintiff,<br><br>         v.<br><br>KURT J. CROSBY<br><br>         Defendant. | Civil No. 23-cv-02831-WB |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Kurt J. Crosby hereby responds to the Complaint filed by PNC Bank, National Association, as follows:

## ANSWER

1. Paragraph 1 of the Complaint is denied for lack of knowledge or information sufficient to justify belief therein.

2. Paragraph 2 of the Complaint is admitted.

3. Paragraph 3 of the Complaint is admitted.

4. Paragraph 4 of the Complaint contains jurisdictional statements to which Defendant is not required to respond. To the extent a response is deemed necessary, Defendant admits that the statutory predicates for diversity jurisdiction have been pled, but denies that Plaintiff is entitled to the recovery it seeks.

5. Paragraph 5 of the Complaint is denied as stated. The allegations contained in Paragraph 5 of the Complaint are inaccurate in their description of the terms of the Guaranty. Nonetheless, Defendant admits that pursuant to the terms of the Guaranty the Court has personal jurisdiction over Defendant in this matter.

6. Paragraph 6 of the Complaint is denied as stated. The allegations contained in this

paragraph of the Complaint are inaccurate in their description of the terms of the Guaranty. Nonetheless, Defendant admits that pursuant to the terms of the Guaranty this district is a proper venue for adjudicating this matter.

7. Paragraph 7 of the Complaint contains statements regarding the contents of contracts executed by the Defendant or affiliates of the Defendant. Those documents speak for themselves, and to the extent that Paragraph 7 calls for a legal conclusion, no response is required. To the extent that a response is deemed necessary, Defendant admits the truth of the allegations of Paragraph 7, except to deny for lack of sufficient information that the Exhibit A is a true and correct copy of the Guaranty, which references and includes numerous documents which are not attached to the Exhibit A.

8. Paragraph 8 of the Complaint is admitted.

9. Paragraph 9 of the Complaint is admitted in part and denied in part. Defendant denies that he was represented by counsel but admits the remainder of the allegations in Paragraph 9.

10. Paragraph 10 of the Complaint is admitted.

11. Paragraph 11 of the Complaint is admitted.

12. Paragraph 12 of the Complaint is admitted in part and denied in part. Defendant denies that he was the ultimate owner of each Borrower at all relevant times. The allegations in the second sentence of Paragraph 12 of the Complaint are admitted.

13. Paragraph 13 of the Complaint is admitted.

14. The allegations in Paragraph 14 of the Complaint consist of a legal conclusion to which Defendant is not required to respond. Further, as Paragraph 14 seeks to characterize the contents of contracts which speak for themselves, Defendant is not required to respond. To the

extent a response is deemed necessary, Defendant denies the allegations for lack of sufficient information to justify belief therein.

15. The allegations in Paragraph 15 of the Complaint consist of a legal conclusion to which Defendant is not required to respond. To the extent a response is deemed necessary, Defendant denies the allegations for lack of sufficient information to justify belief therein.

16. The allegations in Paragraph 16 of the Complaint consist of legal conclusions, to which Defendant is not required to respond. To the extent a response is deemed necessary, Defendant denies the allegations.

17. Paragraph 17 contains statements regarding the contents of a default notice authored by or on behalf of the Plaintiff which speaks for itself. To the extent that Paragraph 17 calls for a legal conclusion regarding the contents of that document, no response is required. To the extent a response is deemed necessary, Defendant admits that he received a letter from PNC demanding payment on July 13, 2023, but denies that Borrowers had defaulted and denies liability for the obligations referenced in the document. Defendant further denies that Exhibit B is a complete copy of the July 13, 2023 demand letter, which on its face makes reference to numerous additional documents and exhibits, none of which are attached to Exhibit B.

18. Paragraph 18 of the Complaint is denied. Defendant has paid significant amounts to PNC.

19. Paragraph 19 of the Complaint contains statements regarding the contents of a transactional document to which the Parties are signatories and which speaks for itself. To the extent that Paragraph 19 consists of legal conclusions regarding the contents of that document or obligations owed pursuant to that document, no response is required. To the extent that a response is deemed necessary, Defendant denies liability for the obligations referenced in the Complaint.

20. Paragraph 20 of the Complaint consists of a legal conclusion characterizing the contents or nature of a transactional document to which the Parties are signatories, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations for lack of sufficient information to justify belief.

21. Paragraph 21 of the Complaint consists of a legal conclusion regarding obligations allegedly owed pursuant to transactional documents to which Plaintiff is a party, to which Defendant is not required to respond. To the extent a response is deemed necessary, Defendant denies the allegations for lack of sufficient information to justify belief therein.

22. Paragraph 22 of the Complaint consists of a legal conclusion characterizing obligations allegedly owed pursuant to a transactional document to which the Parties are signatories, to which no response is required. To the extent a response is deemed necessary, Defendant denies liability for the obligations Plaintiff alleges to be due in the Complaint.

23. Paragraph 23 realleges and incorporates preceding allegations in the Complaint, to which Defendant has already responded. To the extent a response is deemed necessary, Defendant adopts and incorporates his preceding responses as if set forth fully hereinbelow.

24. Paragraph 24 of the Complaint is admitted.

25. The allegations contained in Paragraph 25 of the Complaint consist of legal conclusions regarding ultimate liability to which Defendant is not required to respond. To the extent a response is deemed necessary, Defendant denies the allegations for lack of sufficient information to justify belief.

26. The allegations contained in Paragraph 26 consist of legal conclusions regarding the efficacy of actions allegedly taken by Plaintiff pursuant to a transactional document to which the Parties are signatories, to which Defendant is not required to respond. To the extent a response

is deemed necessary, Defendant admits that PNC demanded payment, but denies liability for the obligations Plaintiff alleges in the Complaint to be due. Defendant further denies for lack of sufficient information regarding the basis for Plaintiff's demand.

27. Paragraph 27 of the Complaint consists of a legal conclusion characterizing obligations allegedly owed by Defendant pursuant to a transactional document to which the Parties are signatories, to which Defendant is not required to respond. To the extent a response is deemed necessary, Defendant denies the allegations for lack of sufficient information to justify belief therein.

28. Paragraph 28 of the Complaint consists of a legal conclusion regarding Plaintiff's performance under a transactional document to which the Parties are signatories, to which Defendant is not required to respond. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 28 for lack of knowledge or information sufficient to justify belief therein.

29. Paragraph 29 of the Complaint consists of a legal conclusion regarding damages allegedly sustained by the Plaintiff, to which Defendant is not required to respond. To the extent a response is deemed necessary, Defendant denies the allegations for lack of sufficient information to justify belief therein.

30. The allegations contained in the Plaintiff's prayer for relief do not require a response from Defendant. To the extent a response is required to any allegation in the prayer for relief, such allegations are denied, and Defendant further denies that Plaintiff is entitled to any item of relief requested in the Complaint.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in his favor, and against the Plaintiff, dismissing the Complaint and granting all other relief the Court

deems necessary and proper.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**: Plaintiff's claims are barred in whole or in part to the extent that obligations allegedly owed under the contracts referenced in the Complaint have been paid or otherwise satisfied in whole or in part.

**Second Affirmative Defense**: Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel.

**Third Affirmative Defense**: Plaintiff's claims are barred in whole or in part to the extent that Plaintiff failed to mitigate its alleged damages.

**Fourth Affirmative Defense**: Plaintiff has failed to include People's Capital, an indispensable party, as a party plaintiff to this action.

**Fifth Affirmative Defense**: Plaintiff's claims are barred to the extent that they stem from a survey of collateral performed by North American Marine Consultants, LLC that was unreliable, inaccurate, and objected to by Defendant and the underlying borrower entities.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in his favor, and against the Plaintiff, dismissing the Complaint and granting all other relief as is proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: September 20, 2023 | By: _/s/ Samuel W. Silver_____<br>Samuel W. Silver (PA No. 56596)<br>Richard D. Walk, III (PA No. 329420)<br>**WELSH & RECKER, P.C.**<br>306 Walnut St.<br>Philadelphia, PA 19106<br>(215) 972-6430<br>ssilver@welshrecker.com<br>rwalk@welshrecker.com<br><br>R. Joshua Koch*<br>Benjamin Sanders*<br>**KOCH & SCHMIDT**<br>650 Poydras St., Ste. 2660<br>New Orleans, LA 70130<br>(504) 208-9040<br>jkoch@kochschmidt.com<br>bsanders@kochschmidt.com<br>*pro hac vice motion pending<br><br>*Counsel for defendant Kurt J. Crosby* |

**CERTIFICATE OF SERVICE**

    I, Samuel W. Silver, hereby certify that on September 20, 2023, a true and correct copy of the foregoing Answer of Kurt J. Crosby was served on all counsel of record via ECF and is available for download and viewing on the ECF system.

/s/ Samuel W. Silver
Samuel W. Silver
