UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> KURT J. CROSBY § <br> § <br> Defendant. § | Civil No. 23-cv-02831-WB |

**CONSENT MOTION TO EXTEND STAY**

Defendant, Kurt J. Crosby ("Crosby"), with the consent of plaintiff PNC Bank, National Association, as agent and lender ("PNC Bank"), asks the Court to extend its stay of all proceedings in this civil action through the end of the Modified Stay Period (defined below). In support of this request, defendant states as follows:

1. Crosby's personal guaranty of obligations owed by certain corporate borrowers ("Borrowers") to PNC Bank, as agent and lender, and to other lenders (collectively, the "Lenders"), is the subject of this civil action.

2. Borrowers are in the process of seeking funding from existing and potential lenders to refinance the Borrowers' obligations owed to the Lenders.

3. PNC Bank is aware of the efforts currently being undertaken by the Borrowers to refinance these obligations and is satisfied that the Borrowers are proceeding in good faith.

4. In order to accommodate these efforts, the Court previously granted defendant's consent motion to stay this civil action until December 31, 2023, defendant's consent motion to extend the stay until January 31, 2024, defendant's consent motion to extend

the stay until February 29, 2024, and defendant's consent motion to extend the stay until April 30, 2024.

5. The Borrowers remain in the process of seeking funding to refinance the obligations discussed above, and PNC Bank remains aware of the efforts currently being undertaken by the Borrowers to refinance these obligations and is satisfied that the Borrowers are proceeding in good faith.

6. In order to provide the Borrowers a final opportunity to obtain the necessary refinancing of the obligations owed to PNC Bank and, as a result, resolve the matters at issue in the subject Complaint, PNC Bank is negotiating to enter into an additional forbearance agreement ("Forbearance Agreement") with the Borrowers and Crosby. The Forbearance Agreement will provide, in pertinent part, that PNC Bank will consent to the filing of a motion to stay this civil action, which stay shall remain in effect from entry of an order granting this motion until the earliest to occur of: (a) June 30, 2024, (b) the occurrence of an event of default other than the defaults specified in the Forbearance Agreement, and (c) Borrowers' failure to comply with the terms of the Forbearance Agreement (the "Modified Stay Period"). Accordingly, PNC Bank has consented to this request of the Court for entry of an order staying this civil action during the Modified Stay Period as will be provided for in the Forbearance Agreement.

7. If the Modified Stay Period terminates prior to June 30, 2024, under the terms of the Forbearance Agreement, PNC Bank shall file a termination notice on the docket of this civil action. Upon filing of such notice, the stay shall automatically terminate.

8. As part of PNC Bank's agreement to the Forbearance Agreement, defendant has agreed to a modified scheduling order which shall be substantially in the form attached hereto

as **Exhibit A**. Such scheduling order shall be attached to the termination notice filed by PNC Bank.

9. The granting of this stay will further the interest of justice and reduce the costs to the Court and the parties.

On the basis of the above, Defendant respectfully requests that the Court grant the requested relief.

Date: May 14, 2024

Respectfully submitted,

By: /s/ Samuel Silver
Samuel W. Silver (PA No. 56596)
Richard D. Walk, III (PA No. 329420)
WELSH & RECKER, P.C.
306 Walnut St.
Philadelphia, PA 19106
(215) 972-6430
ssilver@welshrecker.com
rwalk@welshrecker.com

R. Joshua Koch*
Benjamin Sanders*
KOCH & SCHMIDT
650 Poydras St., Ste. 2660
New Orleans, LA 70130
(504) 208-9040
jkoch@kochschmidt.com
bsanders@kochschmidt.com
*Admitted pro hac vice

*Counsel for Defendant, Kurt J. Crosby*

EXHIBIT A

131832.01482/135544124v.2

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION § § | |
| Plaintiff, § | Civil No. 23-cv-02831-WB |
| § § | |
| V. § | |
| § § | |
| KURT J. CROSBY § | |
| § § | |
| Defendant. § | |

**JOINT PROPOSED AND STIPULATED AMENDED SCHEDULING ORDER**

Plaintiff and Defendant have agreed upon, and respectfully request that the Court enter, the following stipulated amended schedule for upcoming deadlines in this litigation. The parties have prepared this schedule pursuant to the Court's Order [ECF No. 28] granting the *Consent Motion to Extend Stay* [ECF No 27] resetting the deadlines in the Court's Scheduling Order [ECF No. 18] as follows:

1. All fact and expert discovery shall be completed by [   ][1], 2024.

2. Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall, at the time required for submission of information and/or reports for expert witnesses, serve opposing parties with details and/or documents covering the lay opinions of the Rule 701 witnesses.

3. Any motions for summary judgment and/or *Daubert* motions shall be filed and served by [   ][2], 2024. Any summary judgment motion must comply with the provisions of this Court's policies regarding the submission of a joint appendix and statements of undisputed and disputed material facts, including:

---

[1] To be filled in with 75 days from end of forbearance period.
[2] To be filled in with 30 days from end of fact and expert discovery.

1

  A. When one party intends to move for summary judgment, that party shall initiate a process whereby the parties shall meet, confer and develop a single, joint appendix of all exhibits, including any and all exhibits that may be referenced in their respective briefs.

  B. The joint appendix shall be filed by the movant no later than the date the initial motion for summary judgment is docketed. All pages of the joint appendix shall be consecutively "Bates stamped" and referenced in the motions and briefs by the Bates number assigned each page. The joint appendix shall include a table of contents. The parties shall make every effort to include all necessary exhibits in the initial joint appendix. Should it become necessary for the non-moving party to submit additional exhibits, however, it may do so at the time it files its opposition brief. Any addendum to the joint appendix shall be consecutively Bates stamped, beginning at the page number where the joint appendix left off, and shall include a table of contents. Judge Beetlestone will not consider material not included in the appendix.

  C. <u>Statement of Facts</u>

    1. Upon motion for summary judgment, counsel shall also submit a separate Statement of Undisputed Material Facts containing a numbered, paragraph-by-paragraph recitation of facts with specific citations to the joint appendix in support of all of those facts as to which the moving party contends no genuine issue exists.

    2. Counsel opposing a motion for summary judgment shall also submit a separate Statement of Disputed Material Facts, stating in similar paragraph form whether that party accepts or rejects that each fact as stated by the moving party is undisputed. If a party contends that a fact is in dispute, citation must be made to the joint appendix that supports the party's view that that particular fact is in dispute. The party should then list its own additional disputed facts in the same format with specific citations to the joint appendix.

    3. Counsel for the moving party shall then submit—even if not filing a reply brief—a separate Reply Statement of Undisputed Material Facts stating in similar paragraph form whether that party accepts or rejects that each additional fact as stated by the opposing party is disputed. If a party contends that a fact is undisputed, citation must be made to the joint appendix that supports that party's view that the particular fact is undisputed.

  4. For all filings submitted and conferences held pursuant to this scheduling order, and for all pretrial and trial proceedings referred to herein, counsel shall follow Judge Beetlestone's Policies and Procedures, a copy of which can be found online at www.paed.uscourts.gov.

Respectfully submitted,

| **WELSH & RECKER, LLP** | **BLANK ROME LLP** |
|---|---|
| */s/ Samuel Silver* | */s/ John E. Lucian* |
| Samuel Silver (PA Bar No. 56596) | John E. Lucian (PA Bar No. 92317) |
| 306 Walnut Street | Gregory F. Vizza (PA Bar No. 207095) |
| Philadelphia, PA 19106 | B. Nelson Sproat (PA Bar No. 327226) |
| Telephone: (215) 972-6430 | One Logan Square, 130 N 18th Street |
| Facsimile: (215) 617-1021 | Philadelphia, PA 19103 |
| ssilver@welshrecker.com | Telephone: (215) 569-5500 |
|  | Facsimile: (215) 569-5555 |
| *Attorney for Defendant Kurt J. Crosby* | john.lucian@blankrome.com |
|  | gregory.vizza@blankrome.com |
|  | nelson.sproat@blankrome.com |
|  | |
|  | *Attorneys for Plaintiff, PNC Bank, National Association* |

SO ORDERED this \_\_\_\_ day of _____, 2024

_____
Hon. Wendy Beetlestone, U.S.D.J